25CA1502 Peo in Interest of Foisel 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1502
Pueblo County District Court No. 25MH30069
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Richard Wayne Foisel,

Respondent-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 Respondent, Richard Wayne Foisel, appeals the district court's order authorizing the staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to involuntarily medicate him. We affirm.

I. Background

¶ 2 In May 2025, Foisel was committed to the hospital after being found incompetent to proceed in his criminal case. He was diagnosed with schizophrenia and presented with symptoms that included delusions, paranoia, auditory hallucinations, poor hygiene, and disorganized thinking. The hospital started Foisel on emergency medication after he threatened security staff, attempted to barricade himself in his room, and started "swinging his fists" when staff entered the room. Foisel refused all medication, denied having a mental illness, and insisted he did not need medication.

¶ 3 In July 2025, the State filed a petition to involuntarily medicate Foisel with olanzapine (also known as Zyprexa). The district court held an evidentiary hearing, at which Foisel's treating psychiatrist, Dr. Hareesh Pillai, testified; Foisel refused to attend the hearing. During the hearing, the court heard evidence that Foisel had a history of previous hospitalizations, and that during a prior hospitalization from August 2022 to July 2024, he was treated

1

with olanzapine. With that treatment, Foisel's condition improved and he was eventually released from the hospital.

¶ 4 After hearing the evidence, the court found that Dr. Pillai had testified "credibly and persuasively" and that the State had established all four elements for the involuntary administration of medication under *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985). The court therefore granted the State's petition.

¶ 5 Foisel appeals, arguing only that the State presented insufficient evidence to support one of the *Medina* factors.

## II. Applicable Law and Standard of Review

¶ 6 A district court may order the involuntary administration of medication if the State proves by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to themself or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment. *Id.*

¶ 7 Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support and review its legal conclusions de novo. *Id.*

¶ 8 When a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we must affirm if the evidence, viewed as a whole and in the light most favorable to the People, is sufficient to support the order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13 ("The testimony of the physician seeking to administer treatment may be sufficient by itself to satisfy" the *Medina* elements.). As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn therefrom. *People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

### III. Analysis

¶ 9 Foisel's sole contention on appeal is that the State presented insufficient evidence to prove the first *Medina* element. We disagree.

¶ 10 Under the first *Medina* element, the district court may not order the forced medication of an involuntarily committed patient

unless it is satisfied that the patient's mental illness has so impaired their judgment as to render them incapable of participating in decisions affecting their health. *Medina*, 705 P.2d at 973.

¶ 11    The district court found that Foisel was incompetent to effectively participate in his own treatment decisions. Specifically, the court found that Foisel suffered from schizophrenia and lacked insight into his mental illness because he did not believe he was mentally ill. The court also relied on evidence that Foisel had previously been hospitalized and responded positively to medication, but later "became non-compliant with the medications" and was readmitted "in a deteriorated state." Despite his previous success on medication, the court found that Foisel "does not believe he needs medication." The record supports the court's findings.

¶ 12    Dr. Pillai opined that, due to Foisel's mental illness, he could not effectively participate in decisions about his treatment. Dr. Pillai testified that Foisel had no insight into his mental illness because he did not believe that he was mentally ill. He also said that Foisel did not think he needed medication and could not understand "how the medications treat some of the symptoms of his

schizophrenia." For example, Dr. Pillai recounted that Foisel had been successfully treated with olanzapine during a previous hospital stay, which resulted in his discharge, but after his release, he stopped taking his medications and was readmitted in a "deteriorated state." And although his symptoms improved once back on the medications, Foisel still refused to take them.

¶ 13 Despite this record, Foisel asserts that the district court erred by basing its decision on his mere "disagreement" with Dr. Pillai regarding the need for medication. But as discussed above, the district court did not find that Foisel was incompetent to participate in treatment decisions simply because he disagreed with Dr. Pillai. Rather, the court found, with record support, that Foisel lacked insight into his mental illness and did not believe he needed medication despite his history of success while on medication. We therefore reject Foisel's assertion. *See People in Interest of Strodtman*, 293 P.3d 123, 132 (Colo. App. 2011) (a patient must demonstrate more than the ability to "articulate his or her preferences"; rather, "[t]o participate effectively contemplates action in addition to words"); *see also R.K.L.*, ¶ 33 (affirming the court's finding because the patient did not believe he had a mental illness

5

and the psychiatrist testified that she did not believe the patient would voluntarily take any medication to treat the illness).

¶ 14 In sum, given the evidence supporting Foisel's lack of insight into his need for the requested medications and the severity of his illness, in combination with the weight the district court placed on Dr. Pillai's credibility, we cannot conclude that insufficient evidence supported the court's determination that Foisel is incompetent to effectively participate in the relevant treatment decision. *See People in Interest of D.N.W.*, 2024 COA 129, ¶ 20 (deferring to the court's determination of witness credibility and the weight afforded that testimony).

## IV. Disposition

¶ 15 The order is affirmed.

JUDGE FREYRE and JUDGE YUN concur.